[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
A judgment entered in this case for the plaintiff, SRI Fire Sprinkler Corp., on January 6, 1992 in the amount of $63,941, plus approximately three years' interest. The plaintiff now moves to reopen this judgment. General Statutes 52-212; Practice Book 377. CT Page 1184
A default had entered against the defendant, Paul S. Yoney, Inc., on November 18, 1991, on motion of the plaintiff, for defendant's failure to answer interrogatories and requests for production. On December 18, 1991, the plaintiff moved for a judgment, which was granted at the short calendar of January 6, 1992.
On January 16, 1992, the defendant moved to reopen this judgment, contending that it had, at that point, complied with plaintiff's discovery motion, and also that there was some confusion about whether the motion for judgment was due to be heard on January 6, 1992, or one week later, on January 13, 1992. As plaintiff correctly pointed out, the defendant failed to comply with the requirement that a motion to open judgment must be verified by the oath of the party or his attorney. This defect was, however, cured by an affidavit executed by defendant's counsel, Attorney Kevin A. Coles, and filed on January 21, 1991, which stated that the defendant had a good defense to the plaintiff's cause of action for monetary damages, involving three separate projects on which the defendant acted as a subcontractor, viz., the Bridgeport Plaza Hotel, 200 Greenwich Avenue in Greenwich, and a project at American Cyanamid. The attorney's affidavit also indicates that plaintiff's motion for judgment was argued on January 6, 1992 "without the consent of counsel for the defendant."
The parties appeared on December 30, 1991, in connection with plaintiffs motion for judgment, at which time it was represented that Attorney Coles, counsel for the defendant, was unavailable. A continuance for one week to January 6, 1992, was suggested, but counsel for the plaintiff indicated that she would be unavailable that day, and therefore the matter was ordered written on the short calendar for January 13, 1992. Subsequently, however, plaintiff's counsel indicates that she determined that someone from her office would be available to present the motion for judgment on January 6, 1992, and through correspondence and telephone communications with defendant's counsel's office, she advised defendant that her client, the plaintiff, intended to pursue its motion for judgment on January 6, 1992. At that time judgment entered for the plaintiff, in the absence of appearance and opposition by counsel for the defendant, who now contends that he did not know of the change in date.
Because I believe that there was some legitimate confusion, at least in defendant's counsel's mind, about the date on which plaintiffs motion for judgment would be heard, and also because Attorney Coles' affidavit of January 21, 1992, presumptively indicates that a good defense exists, and that the defendant was prevented from asserting this defense on reasonable grounds, the CT Page 1185 motion to reopen the judgment of January 6, 1992, in favor of the plaintiff is granted.
So Ordered.
Dated at Bridgeport, Connecticut this day of February, 1992.
WILLIAM B. LEWIS, JUDGE